Jeffrey C. Block | direct dial 617-398-5610 | e-mail: jeff@blockesq.com

August 20, 2013

**Via Hand Delivery**

The Honorable Sandra L. Townes, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Traver v. Lowe's Home Centers, Inc., Case No. CV-12-3528-SLT-VVP

Dear Judge Townes,

We represent Plaintiff Daniel Traver in the above-referenced matter and write to make the Court aware of recently issued authority from the Northern District of California that bears on the issues in Plaintiff's Motion for Class Certification.

Specifically, on August 19, 2013, the District Court for the Northern District of California issued an Order on a Motion for Class Certification in a related action, *Shepard v. Lowe's HIW, Inc. et al,* No. C 12-3893 JSW ("*Shepard*"), enclosed herewith. In its Order certifying a class of 860 installers who installed products for Lowe's in California and who plaintiff contends were misclassified as independent contractors, the same class Mr. Traver is seeking to have certified here, the Court found that "the question of whether the installers are free from control and direction as a matter of contract, rather than in fact, is common to all" class members. *Id.* at 8. The Court agreed with Shepard's assertion that "variations in the actual relationships between various Lowe's stores and the multiple installers does not alter the common legal issue of Lowe's right to control, regardless of whether Lowe's elects to exercise that control in any particular relationship." *Id.* The *Shepard* Court further noted that "[b]ecause the contract and standards at issue are substantially identical and provide the legal structure for the relationship and the scope of Defendant's right to control the installers, the Court finds class certification is appropriated. Also, although not determinative, the Court finds that the Massachusetts decision in *D'Italia v. Lowe's Home Centers, Inc.*, based on a similar factual record, found a similar, but more limited class, amenable to class certification." *Id.* at 9.

Here, as in *Shepard*, Plaintiff Traver seeks certification of a class of installers who were misclassified by Lowe's as independent contractors, "contend[ing] that all of his claims rest upon the resolution of a single common issue: whether Lowe's installers are properly classified as

**BLOCK & LEVITON LLP**   155 Federal Street, Suite 1303 • Boston, Massachusetts 02110
P 617 398 5600 • F 617 507 6020

Honorable Sandra L. Townes
August 20, 2013
Page 2

employees or independent contractors. . . ." *Id.* As in *Shepard*, the operative contracts contain only minor differences that do not affect the resolution of whether the contracts give Lowe's the right to control the installers, a common legal issue capable of class wide resolution. *Id.* at 9 ("Because the contract and standards at issue are substantially identical and provide the legal structure for the relationship and the scope of Defendant's right to control the installers, the Court finds class certification is appropriate.")

                    Respectfully submitted,

                    Jeffrey C. Block

Enc.

cc: All counsel (via e-mail)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SHEPARD and HENRY ROMINES, on behalf of themselves and all other similarly situated, | No. C 12-3893 JSW |
| Plaintiffs, | |
| v. | **ORDER ON MOTION FOR CLASS CERTIFICATION** |
| LOWE'S HIW, INC. and DOES 1-50, | |
| Defendants. | |

Now before the Court is the motion for class certification filed by Plaintiff Ronald Shepard ("Plaintiff"). The Court finds that this matter is appropriate for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for August 23, 2013 is HEREBY VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS Plaintiff's motion for class certification.

## BACKGROUND

Plaintiff filed this putative class action against defendant Lowe's HIW, Inc. ("Defendant" or "Lowe's") on behalf of all persons who installed products on behalf of Lowe's, alleging violations of the California Labor Code §§ 2750.5 and 2802 as well as a claim for unfair competition in violation of California Business and Professions Code § 17200. Lowe's is a home improvement retailer that operates approximately 98 stores in the State of California. (Amended Complaint ("Am. Compl.") at ¶ 3.) Defendant offers its customers the opportunity

to install products and services purchased at its retail stores. (*Id.*)

Plaintiff alleges that he was hired to perform installations of garage doors for the Lowe's store in Victorville, California. (*Id.*) Plaintiff alleges that Defendant treated him and all others hired as installers as independent contractors when they should have been classified as employees and entitled to benefits. (*Id.* at ¶¶ 4-5.) Plaintiff alleges that Defendant had the right to control, and in fact did control, all aspects of all installation jobs by Plaintiff and all other class members by

> designating the customers whom Plaintiffs would perform installation for; requiring the customer to pay Lowe's directly for all work performed by Plaintiffs and then Lowe's would pay Plaintiffs; requiring Plaintiffs and any employee working with Plaintiffs to wear Lowe's shirts and hats and hold themselves out as employees of Lowe's; specifically instructing Plaintiffs and their workers to inform customers that they were employees of Lowe's; directing the work that Plaintiffs performed for customers; directing what Plaintiffs could or could not do as installers; overseeing all work performed by Plaintiffs; and prohibiting Plaintiffs from working for anyone aside from Lowe's.

(*Id.* at ¶ 5.)

Plaintiff now seeks class certification pursuant to Federal Rule of Civil Procedure 23 for the following class:

> All persons who installed products for Lowe's or performed services for Lowe's in the State of California and who were treated as independent contractors by Lowe's but over whom Lowe's exercised control and discretion in the performance of their installation services.

(*Id.* at ¶ 7.)

## ANALYSIS

"Class certifications are governed by Federal Rule of Civil Procedure 23," and a plaintiff seeking class certification bears the burden of "demonstrating that he has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007); *see also Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1186 (9th Cir.), *amended* 273 F.3d 1266 (9th Cir. 2001) (trial court must conduct a "rigorous analysis" to determine whether the requirements of Rule 23 have been met). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively deonstrate his compliance with the Rule – that is, he must be

prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Further, "[c]lass certification is not immutable, and class representative status could be withdrawn or modified if at any time the representatives could no longer protect the interests of the class." *Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003) (citing *Soc. Servs. Union, Local 535 v. County of Santa Clara*, 609 F.2d 944, 948-49 (9th Cir. 1979)).

### A. Ascertainability.

As a threshold matter, and apart from the explicit requirements of Rule 23(a), the party seeking class certification must demonstrate that an identifiable and ascertainable class exists. *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009). "'Although there is no explicit requirement concerning the class definition in Fed. R. Civ. P. 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed.'" *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679-80 (S.D. Cal. 1999) (quoting *Elliott v ITT Corp*, 150 F.R.D. 569, 573-74 (N.D. Ill. 1992)). "A class definition should be 'precise, objective and presently ascertainable.'" *Rodriguez v. Gates*, 2002 WL 1162675, at *8 (C.D. Cal. 2002) (quoting *O'Connor v. Boeing North American, Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998)); *see also* Manual for Complex Litigation, Fourth § 21.222 at 270-71 (2004). While the identity of the class members need not be known at the time of certification, class membership must be clearly ascertainable. *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970). The class definition must be sufficiently definite so that it is administratively feasible to determine whether a particular person is a class member. *See, e.g., Davoll v. Webb*, 160 F.R.D. 142, 144 (D. Colo. 1995).

Plaintiff asserts that the members of the purported class are known by Lowe's discovery responses. (*See* Declaration of Scott A. Mays ("Mays Decl."), Ex. 16 at 31 (class contains approximately 865 individuals who performed installation services on Defendant's behalf in the State of California).) Defendant does not contest the ascertainability of the purported class or subclass. Accordingly, the Court finds that Plaintiff has set forth an identifiable and ascertainable class.

### B. Rule 23(a) Requirements.

Class certification is appropriate only if

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). As noted above, the Supreme Court has made clear that "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores*, 131 S. Ct. at 2551. The class can be certified only if the court "is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160-61 (1982).

The Supreme Court has noted that "[f]requently . . . 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Wal-Mart*, 131 S. Ct. at 2551. "The district court is required to examine the merits of the underlying claim in this context, only inasmuch as it must determine whether common questions exist; not to determine whether class members could actually prevail on the merits of their claims." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011) (citing *Wal-Mart*, 131 S. Ct. at 2552 n.6 (clarifying that Rule 23 does not authorize a preliminary inquiry into the merits of the suit for purposes other than determining whether certification was proper)). "To hold otherwise would turn class certification into a mini-trial." *Ellis*, 657 at 983 n.8.

#### 1. Numerosity.

In order to meet their burden on Rule 23(a)'s "numerosity" requirement, Plaintiff must demonstrate that the proposed class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Although "[t]here is no absolute minimum number of plaintiffs necessary to demonstrate that the putative class is so numerous so as to render joinder impracticable[,] . . .

4

[j]oinder has been deemed impracticable in cases involving as few as 25 class members. . . ." *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623, 628-29 (N.D. Cal. 2005) (internal citations omitted) (finding joinder was impractical where there were over 236 members in the putative class). As another court in this district has recognized "a survey of representative cases indicates that, generally speaking, classes consisting of more than 75 members usually satisfy the numerosity requirement of Rule 23(a)(1)." *Id.* (citing 7A Wright, Miller & Kane *Federal Practice and Procedure:* Civil 3d § 1762 (2005)). In this case, Plaintiff contends that the class exceeds 860 installers. Defendant has not contested numerosity. The Court finds that Plaintiff has met his burden to show that the class is sufficiently numerous.

### 2. Commonality, Typicality, Superiority, and Predominance.

Commonality requires that there be "questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). "The commonality requirement serves chiefly two purposes: (1) ensuring that absentee members are fairly and adequately represented; and (2) ensuring practical and efficient case management." *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) (internal quotation marks omitted). Courts look for "shared legal issues or a common core of facts." *Id.* Where diverging facts underlie the individual claims of class members, courts consider whether the issues "at the heart" of those claims are common such that the class vehicle would "facilitate development of a uniform framework for analyzing" each class member's situation. *Id.* at 1123. The class claims "must depend on a common contention," which "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 131 S. Ct. at 2551. The commonality requirement has been construed permissively and is "less rigorous than the companion requirements of Rule 23(b)(3)." *Hanlon*, 150 F.3d at 1019.

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). As with the commonality requirement, the typicality requirement is applied permissively. *Hanlon*, 150 F.3d at 1020. "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent

class members; they need not be substantially identical." *Id.*; *see also Lozano*, 504 F.3d at 734 ("Under Rule 23(a)(3) it is not necessary that all class members suffer the same injury as the class representative."); *Simpson v. Fireman's Fund Ins. Co.*, 231 F.R.D. 391, 396 (N.D. Cal. 2005) ("In determining whether typicality is met, the focus should be 'on the defendants' conduct and plaintiff's legal theory,' not the injury caused to the plaintiff.") (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). Thus, typicality is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (quoting *Marisol v. Giuliani*, 126 F.3d 372, 376 (2nd Cir. 1997)).

In order to certify a class under Rule 23(b)(3), Plaintiff must establish that "common questions . . . 'predominate over any questions affecting only individual members,'" and also must establish that class resolution is "'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Hanlon*, 150 F.3d at 1022 (quoting Fed. R. Civ. P. 23(b)(3)). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). The focus is "on the relationship between the common and individual issues. When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

A plaintiff can satisfy the superiority requirement when he or she can show that "class-wide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). In order to make this determination, the Court should consider the following factors: "the interest of members of the class in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; the desirability or undesirability of concentrating the litigation of the claims in the

particular forum; the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3)(A)-(D).

The Ninth Circuit has explained that individual questions regarding damages will not adversely affect plaintiffs' ability to demonstrate the predominance of common questions. *See Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) ("The amount of damages is invariably an individual question and does not defeat class action treatment."); *see also Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands*, 244 F.3d 1152, 1163 (9th Cir. 2001).

Plaintiff contends that he is typical of all installers who were allegedly misclassified by Defendant Lowe's as independent contractors instead of employees. Under California law, "the principal test of an employment relationship is whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired . . . ." *S.G. Borello & Sons, Inc. v. Dept. of Industrial Relations*, 48 Cal. 3d 341, 350 (1989). There are also "secondary indicia of the nature of a service relationship," including whether an employer has the right to discharge at will and without cause." *Id.* at 350-51. Additional factors include:

> (a) whether the one performing the services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of a principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by time or by the job; (g) whether or not the work is part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship or employer-employee.

*Id.* at 351; *see also Narayan v. EGL, Inc.*, 616 F.3d 895, 900-01 (9th Cir. 2010).

Plaintiff alleges that, like all installers, he was subject to an interview process, required to submit to and pass a background check, and was required to enter into an installation services agreement with Defendant. (*See* Mays Decl., Ex. 3 at 18, 41; Ex. 4 at 95, Exs. 5, 6; Declaration of Matthew K. Edling ("Edling Decl."), Ex. A.) Plaintiff also alleges that Lowe's included guides and standards as appendices to the installer contracts indicating the expectations for performance on the contracts. (Mays Decl. at Ex. 3 at 44, 46; Exs. 8-11.) Plaintiff asserts that Lowe's controlled the payment on any installation project. (*Id.* at Ex. 3 at 73, 133; Ex. 18 at 22,

7

1  69; Edling Decl., Ex. B at 24-25, 73; Ex. C at 140-41.) Plaintiff further alleges that Defendant
2  maintained uniform policies for performance compliance and procedures for warning and
3  terminating the installer under certain circumstances. (*Id.* at Ex. 3 at 126-28, Exs. 14, 15; Ex.
4  18 at 25-26.)

5  Plaintiff contends that all of his claims rest upon the resolution of a single common
6  issue: whether Lowe's installers are properly classified as employees or independent contractors
7  under California law. Although Plaintiff concedes there are minor differences among the
8  contracts for the types of installers and those contracts as they changed over time, the variations
9  do not effect the issue of Defendant's "right to control and discretion as to the manner of
10 performance of the contract." *See Borello*, 48 Cal. 3d at 350-51. Further, Plaintiff argues that
11 the variations in the actual relationships between various Lowe's stores and the multiple
12 installers does not alter the common legal issue of Lowe's right to control, regardless of
13 whether Lowe's elects to exercise that control in any particular relationship. The Court agrees:
14 the question of whether the installers are free from control and direction as a matter of contract,
15 rather than in fact, is common to all. *See Wal-Mart*, 131 S. Ct. at 2551 (holding that "[e]ven a
16 single [common] question will do," so long as that question has the capacity to generate a
17 common answer "apt to drive the resolution of the litigation.") (internal quotation marks
18 omitted).

19 Defendant argues that Plaintiff's motion should be denied because each of the potential
20 class members has a unique set of circumstances upon which the claims turn. Defendant argues
21 that each installer's experience, relationship, and interaction with Lowe's is unique in ways that
22 will heavily impact the independent contractor analysis. (Opp. Br. at 3.) However, this
23 argument addresses the merits of Plaintiff's claims. "The district court is required to examine
24 the merits of the underlying claim in this context, only inasmuch as it must determine whether
25 common questions exist; not to determine whether class members could actually prevail on the
26 merits of their claims." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011)
27 (citing *Wal-Mart*, 131 S. Ct. at 2552 n.6 (clarifying that Rule 23 does not authorize a
28 preliminary inquiry into the merits of the suit for purposes other than determining whether

certification was proper)). "To hold otherwise would turn class certification into a mini-trial." *Ellis*, 657 at 983 n.8. Although Lowe's may be correct that some of the factual inquiries will vary by individual store and individual installer, the Court finds that the primary legal issue – Lowe's right to control the installers – as well as many of the secondary indicia of classification of the employment relationship – will involve common inquiries. "The underlying merits of a case shouldn't cloud the class certification analysis. The question is only whether the requirement of Rule 23 are met." *Norris-Wilson*, 270 F.R.D. at 601 (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974)). "[N]either the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies the Rule." *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

Because the contract and standards at issue are substantially identical and provide the legal structure for the relationship and the scope of Defendant's right to control the installers, the Court finds class certification is appropriate. Also, although not determinative, the Court finds that the Massachusetts decision in *D'Italia v. Lowe's Home Centers, Inc.*, based on a similar factual record, found a similar, but more limited class, amenable to class certification. Civ. No. 11-4758-BLS1 (Suffolk Super. Ct. Dec. 4, 2012).

Therefore, the Court finds that the proposed class share sufficient commonality to satisfy the requirements of Rule 23(a)(2), that Plaintiff has satisfied the typicality requirement, and that common legal questions predominate over individualized issues. The Court also finds that Plaintiff has met his burden to show that a class action would be a superior method for resolving this litigation. Members of the proposed class likely do not possess an interest in individually controlling the prosecution of separate actions as the cost of maintaining a separate action would be prohibitive. *See, e.g., Perez v. Safety-Kleen Systems, Inc.*, 253 F.R.D. 508, 520 (N.D. Cal. 2008).

### 3. Adequacy of Representation.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them." *Hanlon*, 150 F.3d at 1020. In order to determine whether the adequacy prong is satisfied, courts consider the following two questions: "(1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton*, 327 F.3d at 957; *see also Fendler v. Westgate California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975) (noting that representative plaintiffs and counsel also must have sufficient "zeal and competence" to protect the interests of the class). "'[T]he adequacy-of-representation requirement is satisfied as long as one of the class representatives is an adequate class representative.'" *Rodriguez v. West Publishing Co.*, 563 F.3d 948, 961 (9th Cir. 2009) (quoting *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 n.2 (9th Cir. 2001) (brackets added in *West*)).

The Court concludes, based on the current record as presented, that Plaintiff is an adequate class representative and that Plaintiff's counsel will vigorously prosecute this action on behalf of the class.

Finally, although the Court does not intend to revisit the issue unless facts or circumstances change, Rule 23 provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). "Even after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. at 160; *see also United Steel, Paper & Forestry, Rubber, Mfg. Energy Allied Industries & Service Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir. 2010) (district court "retains the flexibility to address problems with a certified class as they arise, including the ability to decertify").

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for class certification. The Court continues the case management conference from August 23, 2013 at 9:00 a.m. to November 15, 2013 at 1:30 p.m. A joint case management statement shall be filed no later than November 8, 2013.

**IT IS SO ORDERED.**

Dated: August 19, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE