May 13, 2014

**Via ECF**

The Honorable Viktor V. Pohorelsky, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    **Re:** *Traver v. Lowe's Home Centers, Inc.*
         E.D.N.Y. Case No. CV-12-3528-SLT-VVP

Dear Magistrate Judge Pohorelsky:

    On behalf of Plaintiff Daniel Traver, we submit this letter in response to the recent authority submitted to the Court by Defendant Lowe's Home Centers, Inc. ("Lowe's") in opposition to Plaintiff's pending motion for class certification. Plaintiff respectfully submits that this Court should not follow the Southern District of Florida's decision in *Carroll v. Lowe's Home Centers, Inc.* as it is inapposite.

    Under Florida law, a court must apply a ten-factor common law test, with control being the primary indicator of employment status. Unlike Florida law, the three prong test in New York requires that the putative employer prove all three prongs. No one prong is given more weight than any other and failure to prove any prong results in a finding of employee status. Thus, even if this Court were to follow the *Carroll* court's reasoning as to control, it is clear that the other two prongs of the New York test are susceptible to common proof and common questions will predominate in this litigation.

    Moreover, the Southern District of Florida's conclusion that individualized issues predominated on Carroll's claim for damages is nonbinding dicta and is inapplicable here. Unlike the statutory scheme in place in Florida, New York law does not require proof of actual damages. As demonstrated in the briefing, damages are susceptible to class-wide proof and common questions predominate.

                                                Respectfully submitted,

                                                Jeffrey C. Block

cc: All counsel (via ECF)

**BLOCK & LEVITON LLP**
155 Federal Street, Suite 1303 • Boston, Massachusetts 02110
P 617 398 5600 • F 617 507 6020