UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
DANIEL TRAVER,

                          Plaintiff,

            - against -

LOWE'S HOME CENTERS, LLC,

                          Defendant.
------------------------------------------------------------ X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 0 1 2016 ★

BROOKLYN OFFICE

**MEMORANDUM & ORDER**

12 Civ. 3528 (AMD) (PK)

**ANN DONNELLY**, District Judge.

In a Report and Recommendation, Magistrate Judge Viktor Pohorelsky recommends that the Court deny the plaintiff's motion pursuant to Rule 23 of the Federal Rules of Civil Procedure for class certification of claims arising under the New York Construction Industry Fair Play Act, N.Y. Labor Law § 861 *et seq.* (2010) ("CIFPA" or "the Act"). The plaintiff objected, addressing "typicality" and related "predominance" requirements, along with the question of whether damages are susceptible to common proof, and the defendant Lowe's Home Centers, LLC. ("Lowe's") opposed the plaintiff's objections. The parties supplemented their briefing with a round of letters directing the court to recently decided authority on whether, under Rule 23(b)(3), damages must be measurable on a class-wide basis for certification.[1] The parties appeared before me on February 11, 2016 for a hearing to confirm that all issues were fully addressed.[2]

---

[1] The parties addressed the Second Circuit decision in *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 403 (2d Cir. 2015).
[2] This case was reassigned to me on November 16, 2015.

1

I have reviewed all post Report & Recommendation filings as part of my de novo review of the full body of materials submitted to Magistrate Judge Pohorelsky on the motion, which include: Lowe's general contractor guide, installer application, corrective action guidelines, agreements, job site inspection forms, images from the Lowe's website, Lowe's SEC filings, excerpts from deposition transcripts, declarations by Lowe's installers, answers to interrogatories, and decisions issued by other courts addressing similar motions by Lowe's installers for class certification. Based on this review, I conclude as Judge Pohorelsky did that the plaintiff has not satisfied the Rule 23 requirements for class certification by a preponderance of the evidence. Accordingly, I adopt the Report and Recommendation in its entirety and as supplemented here and deny the plaintiff's motion for class certification.

## DISCUSSION

### I. Standard of Review

Under Rule 72(b)(3), the district judge is to review de novo any part of the magistrate judge's disposition to which a party has properly objected, and then either "accept, reject, or modify the recommended disposition," "receive further evidence," or "return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C.A. § 636(b)(1). This de novo determination "permit[s] whatever reliance a district judge, in the exercise of sound judicial discretion, ch[ooses] to place on a magistrate's proposed findings and recommendations." *White v. W. Beef Properties, Inc.*, No. 07-cv-2345-RJD-JMA, 2011 WL 6140512, at *2 (E.D.N.Y. Dec. 9, 2011) (quoting *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). Additionally, the district judge need not review the conclusions of the magistrate judge to which there was no objection, as long as they are not "clearly erroneous." *White*, 2011 WL 6140512, at *2. The portions of the Report and Recommendation, to which the plaintiff raises

no objection, are not clearly erroneous; I therefore decline to reiterate what has been thoroughly and soundly analyzed by Magistrate Judge Pohorelsky.

## II. New York State Construction Industry Fair Play Act[3]

The Construction Industry Fair Play Act was enacted in 2010 in response to "dangerous levels of employee misclassification fraud" in New York's construction industry. N.Y. Lab. Law § 861-a. As observed in the legislative findings, "[c]onstruction industry fraud reduces government revenue, shifts tax and workers' compensation insurance costs to law-abiding employees, lowers working conditions and steals jobs from legitimate employers and their employees." *Id.* The CIFPA contemplates enforcement by the state's Department of Labor, the Worker's Compensation Board, and the Department of Tax and Finance—each of which may assess criminal and civil penalties for violations of the Act. N.Y. Labor Law § 861-e(1). The Act does not expressly authorize a private right of action.

Under Section 861-c of the Act, a person in the construction industry is presumed to be an employee. To rebut that presumption, an employer must show that a person is an independent contractor *or* that a business is a separate business entity.[4] Section 861-c addresses persons under Paragraph 1 and business entities in Paragraph 2.

Under Paragraph 1 of Section 861-c, a person is an independent contractor if: he is "free from control and direction in performing the job, both under his or her contract and in fact;" the service is "performed outside the usual course of business for which the service is performed;" and the individual is "customarily engaged in an independently established trade, occupation,

---

[3] The plaintiff bears the burden of proving that a class should be certified under Rule 23. To that end, the plaintiff asserts that litigation regarding particular criteria outlined in Section 861-c is appropriately marshalled under Rule 23.
[4] The parties disagree regarding which party bears the burden of proof under Section 861-c. The CIFPA does not directly address this question; though, the title announcing a "presumption" of employment suggests that the employer bears the initial burden of proof that an individual is an independent contractor or a business is a separate business entity.

3

profession, or business that is similar to the service at issue." N.Y. Labor Law § 861-c(1). A showing that any one of these criteria is not met means that an individual should be classified as an employee, rather than an individual contractor.

Under Paragraph 2, a business entity is a separate business entity—and therefore not an employee—if each of twelve criteria are true. A demonstration that any one of the twelve criteria is not met means that a business is a "separate business entity" and thus should not be classified as an employee for purposes of CIFPA. The plaintiff initially argued that the putative class members do not meet three of these twelve requirements: 1) that the business entity performs the service "free from the direction or control over the means and manner of providing the service, subject only to the right of the contractor for whom the service is provided to specify the desired result;" 2) that the business entity performs services under its own name; and 3) that the contractor does not represent to its customers that the business entity is an employee of the contractor. N.Y. Labor Law § 861-c(2).

### III. Typicality

Rule 23(a)(3) requires that the claims or defenses of the representative party be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). The "commonality" requirement, which is addressed in much greater detail in the Report and Recommendation, "tests the definition of the class itself," while "the typicality requirement focuses on *how* the named plaintiff's claims compare to the claims of the other class members." *Belfiore v. Procter & Gamble Co.*, No. 14-cv-1142, 2015 WL 5781541, at *31 (E.D.N.Y. Oct. 5, 2015) (citing 5 James Wm. Moore et al., Moore's Federal Practice § 23.23[6] (3d ed. 2015)) *reconsideration denied*, 2015 WL 6448696 (E.D.N.Y. Oct. 22, 2015). The Supreme Court and the Second Circuit have noted that the commonality and typicality requirements "serve as guideposts for determining

4

whether ... the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70, 80 (2d Cir. 2015) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551, n. 5 (2011)). Specifically, the typicality requirement ensures that "class representatives have the incentive to prove all the elements of the cause of action which would be presented by the individual members of the class were they initiating individualized actions." *Belfiore*, 2015 WL 5781541, at *31.

The typicality prong "is not highly demanding," *Belfiore*, 2015 WL 5781541, at *31 (citation omitted), and does not "require complete symmetry between the class representative's claims and those of the absent class members." *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 105 (E.D.N.Y. 2012); *see also Gonzalez v. Nicholas Zito Racing Stable Inc.*, No. 04-cv-22-SLT-AKT, 2008 WL 941643, at *6 (E.D.N.Y. Mar. 31, 2008) ("courts have found the typicality requirement satisfied despite the existence of ... factual variations."). Instead, the named plaintiff "must simply raise claims that 'arise from the same course of events' as the class claims and make 'similar legal arguments to prove the defendant's liability.'" *In re Vitamin C Antitrust Litig.*, 279 F.R.D. at 105 (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)).

The defendant argues that Traver's individual claim will likely turn on experiences unique to him, rather than those shared with the putative class as a whole. In support of this argument, the defendant points to Traver's assertion that he was required to attend training classes and could not decline Lowe's jobs. The plaintiff counters that Traver's "claims arise out of the same alleged unlawful conduct as was directed at all other class members—namely that Lowe's misclassified all installers as independent contractors rather than as employees." Pl.'s Obj. to R&R on Class Cert. at 2, July 11, 2014 (ECF No. 48). Further, the plaintiff argues that

Traver's "relationship with Lowe's arose out of the same (or substantially similar) contract as those governing the relationships between Lowe's and all other class members."[5] *Id.* at 2–3.

I find that Traver's claims are not typical of other members of the class. Traver's assertions that he was required to attend training classes and prohibited from declining Lowe's jobs bear directly on whether he was free from Lowe's control. *See* N.Y. Lab. Law § 861-c (1)(a).[6] Under New York Labor Law, Section 861-c, if one of the criteria under Paragraph 1 is *not* met, the person performing services for a contractor is considered an employee, rather than an independent contractor. *Id.* Crucially, one of the criteria under Paragraph 1 is that "the individual is free from control and direction in performing the job, both under his or her contract and in fact." N.Y. Lab. Law § 861-c (1)(a). Here, if Traver's claim that he was required to attend training classes and could not decline Lowe's jobs is true, he was not free from Lowe's control, and thus, he was a Lowe's employee.

Accordingly, if this claim is true, Traver need not prove *any* other criteria listed in Section 861-c. For this reason, he does not have the same incentive to prove other provisions contained in Section 861-c, "which would be presented by the individual members of the class were they initiating individualized actions." *Belfiore*, 2015 WL 5781541, at *31. Therefore, Traver's claimed circumstances that he was subject to Lowe's direction and control is not a minor variation in fact pattern. The extent to which Traver is subject to Lowe's control would "significantly shift the focus of the litigation to the detriment of the absent class members," *id.* (quoting *In re Indep. Energy Holdings PLC Sec. Litig.*, 210 F.R.D. 476, 484 (S.D.N.Y. 2002)),

---

[5] The plaintiff also cited a Central District of California case for the proposition that typicality is not precluded where a class representative's claims are stronger than that of other class members. *Avilez v. Pinkerton Gov't Servs.*, 286 F.R.D. 450, 456-57 (C.D. Cal. 2012). However, since Judge Pohorelsky issued his Report and the plaintiff objected, the Ninth Circuit reversed the Central District of California. *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579 (9th Cir. 2015).

[6] A similar criterion also appears in Paragraph 2, regarding whether a business entity shall be considered a separate business entity or an employee. N.Y. Lab. Law § 861-c (2)(a).

and hence his claims do not "share the same essential characteristics as that of the proposed class." *Marcus v. AXA Advisors, LLC*, 307 F.R.D. 83, 100 (E.D.N.Y. 2015).

IV. **Predominance**

"Rule 23(b)(3) imposes two additional burdens" on a plaintiff attempting to maintain a class action, *Sykes*, 780 F.3d at 81, namely: (1) predominance—"that the questions of law or fact common to class members predominate over any questions affecting only individual members"; and (2) superiority—"that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015) (quoting Fed. R. Civ. P. 23(b)(3)). As a matter of course, the Rule 23(b)(3) predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *In re Nassau Cty. Strip Search Cases*, 461 F.3d 219, 225 (2d Cir. 2006) (quotation marks and citation omitted). The predominance requirement is satisfied "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015) (citation omitted).

In his objection to the Report and Recommendation, the plaintiff argues that common liability issues predominate because two factors from Paragraph 2 of Section 861-c are susceptible to common proof: that the business entity performs services under the contractor's name and that the contractor represents to its customers that the business entity is its employee.[7] I address each in turn.

---

[7] In making this argument, the plaintiff seems to abandon his claim, which was rejected by Judge Pohorelsky, that there were common questions of fact with respect to whether each contractor performs the "service free from the direction or control over the means and manner of providing the service."

7

If a business performs services for Lowe's under the Lowe's name, then the installers are employees of Lowe's, rather than part of a separate business. *See* N.Y. Lab. Law § 861-c (2)(g). The plaintiff argues that this factor is subject to common proof because Lowe's Installer Contract requires installers to wear Lowe's "Independent Contractor" branded apparel, to place signs on customers' front laws that read "Another Job by Lowe's," and to provide customers with a "Lowe's Leave Behind Brochure." However, mere conformity with these stated requirements is insufficient to establish that the installers performed services under the Lowe's name. Even if that was not the case, the plaintiff offers no evidence to suggest that the installers actually followed these Lowe's policies. To the contrary, the defendants submitted declarations by installers that suggest that at least some installers do not wear the Lowe's branded apparel. Further, some installers stated that they inform customers that they are independent contractors with their own businesses.

Paragraph 2 also provides that a contractor must not represent a business entity as its employee to the contractor's customers. *See* N.Y. Lab. Law § 861-c (2)(k). Here again, Lowe's represents that that it will introduce countervailing evidence that will turn on the individual representations of personnel at 69 stores about thousands of individual jobs. Proof of whether installers worked under the Lowe's name and how Lowe's represented its installers to customers would require individualized testimony from installers, customers, and Lowe's personnel and would necessarily be resolved on an installer-by-installer basis.

Moreover, the plaintiff's representations of the volume and quality of evidence supporting their claims under Paragraph 2 is thin. For example, with respect to whether Lowe's held out the installers as its employees, Judge Pohorelsky rightly reasoned that the evidence cited by the plaintiff "constitutes only the slightest showing that under very specific circumstances, a

reasonable customer could potentially view the Installers as the defendant's employees." R&R on Class Cert. at 27 (ECF No. 47). Given this, proof of the two above-described Paragraph 2 factors will not put the inquiry under the CIFPA to rest, as there remain ten other factors under Paragraph 2 that may provide individual plaintiffs with relief.

Accordingly, I hold that common questions of law or fact do not predominate over issues affecting individual members, and thus class certification is inappropriate.

## V. Damages[8]

In this case, the plaintiff has not submitted a model demonstrating that the installers' damages can be calculated on a classwide basis. Instead, the plaintiff filed a notice of removal in a related action in which Lowe's attempted to demonstrate that the amount in controversy requirement was satisfied, for purposes of removal to federal court. This is not sufficient. While it seems likely that the plaintiff could have produced a method to measure damages resulting from the particular injury on which the defendants' liability is premised, the plaintiff has not done so, and this omission is, at the very least, prejudicial to the plaintiff's claim that common issues of fact predominate. *See Roach*, 778 F.3d at 408 ("damages questions should be considered at the certification stage when weighing predominance issues"); *see also Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013) (where questions of individual damage calculations will overwhelm questions common to the class, the plaintiff is to present a damages model capable of measuring damages on a class wide basis).

---

[8] Because individualized issues predominate with respect to liability, I ordinarily would not address the issue of damages. However, I understand Rule 72 to require that I determine de novo any part of the Magistrate Judge's disposition that was properly objected to. *See* Fed. R. Civ. P. 72; *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010).

## CONCLUSION

I adopt the Report and Recommendation of Magistrate Judge Pohorelsky as supplemented above and deny the plaintiff's motion for certification of a state-wide class of Lowe's installers.

**SO ORDERED.**

                                                      s/Ann M. Donnelly

                                                      Ann M. Donnelly
                                                      United States District Judge

Dated: Brooklyn, New York
       March 1, 2016